IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONNIE RAY ALLEN LABONTE, | § | |
| TDCJ-CID NO.1003685, | § | |
|        Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-1860 |
| | § | |
| NATHANIEL QUARTERMAN,[1] | § | |
|        Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Lonnie Ray Allen Labonte, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2000 state court felony conviction for capital murder. The Court will dismiss the petition because it is barred by the governing statute of limitations.

I.     PROCEDURAL HISTORY

On September 26, 2000, petitioner was convicted of capital murder in cause number 00-01-00216-CR(1) in the 410th District Court of Montgomery County, Texas, and sentenced to confinement in TDCJ-CID for life. Petitioner's conviction was affirmed on direct appeal and his petition for discretionary review was refused on June 4, 2003. *LaBonte v. State*, 99 S.W.3d 801 (Tex. App.–Beaumont, 2003, pet ref'd). On October 6, 2003, the United States Supreme Court denied his petition for writ of *certiorari*. *LaBonte v. Texas*, 540 U.S. 927 (2003). Thus, petitioner's conviction

---

[1] Petitioner named Douglas Dretke, Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), as respondent. On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director; therefore, the Court ORDERS the Clerk to substitute Nathaniel Quarterman as respondent in this case.

became final for purposes of federal habeas corpus review on or about October 6, 2003. *See Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002).

Petitioner filed a state application for a writ of habeas corpus in the 262nd Criminal District Court on October 4, 2004, but the application was returned because it was not on the form prescribed by the Texas Court of Criminal Appeals. (Docket Entry No.5). Petitioner resubmitted the state habeas application on October 25, 2004, and the Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on April 12, 2006. (Docket Entry No.6). On October 6, 2004, while the first state habeas application was pending in state court, petitioner filed a federal habeas petition, which was dismissed without prejudice for non-exhaustion of state remedies. *LaBonte v. Dretke*, Civil Action No.4:04-3894 (S.D. Tex. Nov. 30, 2004).

Petitioner indicates that he filed the pending petition on April 13, 2006.[2] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

---

[2] Petitioner indicates that he mailed the pending petition on April 13, 2006, but the district clerk actually recorded the petition as filed on June 1, 2006. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Because more than a month had elapsed from the time petitioner deposited the petition in the prison mail system until the Clerk recorded the petition as filed, the Court ordered petitioner to submit a sworn statement, attesting to when he deposited the pending federal petition in the prison mailbox. (Docket Entry No.4). The Court further ordered the Mail Room Supervisor at the Polunsky Unit of TDCJ-CID, where petitioner was incarcerated when he filed the pending petition, to submit a certified copy of the inmate mail log for the month of April 2006, showing the legal mail deposited by petitioner during the month of April, 2006. (*Id.*).

Petitioner indicates in his sworn statement that he deposited the pending petition in a Polunsky Unit mail box on April 13, 2006, and claims that he cannot explain why the petition did not reach this Court until June 1, 2006. (Docket Entry No.6). The Polunsky Unit mail log for April 2006, however, reflects that petitioner deposited several letters in the prison mail system during April 2006, but he did not deposit any mail addressed to this Court in the prison mail system during that time. (Docket Entry No.7).

1. He was denied the effective assistance of counsel at trial;

2. His right to due process was violated by prosecutorial misconduct;

3. The prosecution knowingly withheld material, exculpatory evidence in violation of *Brady v. Maryland*;

4. The state district court abused its discretion by a) refusing to change venue, b) issuing a limiting instruction regarding the bias of a key state witness and c) failing to hold an in-camera review of his Brady claim;

5. The state district court, sitting as a habeas court, abused its discretion by newly discovered evidence in the affidavits of Alfred Beauchamp and James McDougal; and,

6. The evidence is insufficient to support his conviction.

(Docket Entry No.1). Petitioner seeks an evidentiary hearing on newly discovered evidence. (*Id.*).

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> > made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on October 6, 2003, the date that the Supreme Court denied his petition for writ of *certiorari*. That date triggered the one-year limitations period which expired on October 6, 2004. Petitioner's first state habeas application, filed October 4, 2004, was returned to petitioner because it was not on the form prescribed by the Texas Court of Criminal Appeals and therefore, was not properly filed. *See Artuz v. Bennett*, 531 U.S. 4,8 (2000) (holding a state habeas application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which include the form of the document). Because it was not properly filed, the first state habeas application did not toll the AEDPA limitations period. *See e.g.*, *Edwards v. Dretke*, 116 Fed. Appx.

470, 2004 WL 2278502 (5th Cir. 2004). Petitioner's second state habeas application, although properly filed, did not toll the limitations period because it was filed on October 25, 2004, after the expiration of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner's pending federal petition, which was allegedly filed on April 13, 2006, therefore, is untimely and subject to dismissal.

Petitioner, however, argues that the AEDPA tolling period should commence on October 6, 2004, when he filed his first federal habeas petition and continue through the pendency of his second state habeas application, which was filed on October 25, 2004. (Docket Entry No.5). Petitioner claims that under this calculation, he had one day to submit the pending federal habeas petition after the Texas Court of Criminal Appeals denied state habeas relief and that he met that deadline when he placed the pending petition in the prison mail system on April 13, 2006. (*Id.*).

The pendency of a federal habeas petition does not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). A district court, nevertheless, has the discretion to stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Webber*, 544 U.S. 269, 276-77 (2005). Once the claims are exhausted, the court will lift the stay and allow the petitioner to proceed in federal court. *Id.*

In his first federal petition, filed two days before the expiration of the limitations period, petitioner's counsel sought a stay of the proceedings because petitioner had not exhausted his claims in state court. *Labonte v. Dretke*, Civil Action No.H:04-CV-3894. The Court denied to stay proceedings because petitioner's "decision to delay his pursuit of state remedies until it was almost

5

too late does not warrant any extraordinary action on the part of the federal courts. *Id.* Because his federal petition was not stayed, its pendency before this Court does not toll the statutory limitations period.

The one-year limitations provision of the AEDPA, however, "does not operate as a jurisdictional bar and can in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "As a general rule, equitable tolling operates only 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis*, 158 F.3d at 810-11). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

To the extent that petitioner seeks equitable tolling of the limitations period for the time his first federal habeas petition was pending from October 6, 2004, until November 30, 2004, he fails to show his entitlement to such relief. Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1.      This cause of action is DISMISSED with prejudice.

2.      A certificate of appealability is DENIED.

3.      All pending motions, if any, are DENIED.

Signed at Houston, Texas, on July 27, 2006.

                                  MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE